[Cite as *In re Adoption of A.N.*, 2013-Ohio-3871.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

IN THE MATTER OF
THE ADOPTION OF:

CASE NO.  14-12-27

A.N.

**O P I N I O N**

Appeal from Union County Common Pleas Court
Probate Division
Trial Court No. 2012-5-008

**Judgment Reversed and Cause Remanded**

Date of Decision:   September 9, 2013

APPEARANCES:

    *Jerry M. Johnson* **for Appellants Nord**

    *Alison Greene Boggs* **for Appellee Scheiderer**

    *John C. Huffman* **for Appellee Hart**

**PRESTON, P.J.**

{¶1} Appellants, Scott Wayne Nord and Erica Joy Nord, appeal the November 19, 2012 judgment entry of the Union County Court of Common Pleas, Probate Division, vacating its prior order of placement and ordering that the child involved in this appeal, A.N., be immediately returned to the State of Ohio. In its judgment entry, the trial court concluded that the consent of the putative father—appellee, Kris Scheiderer, Jr.—was required for the petition for adoption to be granted and that Scheiderer did not consent to the adoption. It is the trial court's conclusion regarding the necessity of Scheiderer's consent that the Nords dispute in this appeal. For the reasons that follow, we reverse.

{¶2} A.N. was born on February 11, 2012. (Birth Certificate, Doc. No. 3). Four days later, in case number 2012-5-005, the trial court approved an application for approval of placement of A.N. and issued a judgment entry placing A.N. in the Nords' home. (Petitioner's Ex. 5, Sept. 26, 2012 Tr. at 7). (*See also* Judgment Entry, Doc. No. 5). Also on February 15, 2012, the Nords filed a petition for adoption of A.N. in the Probate Division of the Union County Court of Common Pleas, initiating the underlying case, number 2012-5-008. (Doc. No. 1). The petition listed the birthmother—appellee, Rachel Hart—as the only person or agency whose consent to the adoption was required. (*Id.*). The petition also stated

that no person timely registered as a putative father and that a certification to that effect "is forthcoming." (*Id.*).

{¶3} On March 30, 2012, in response to an inquiry by counsel for Hart, the Ohio Department of Job and Family Services certified that Scheiderer was registered as a putative father in Ohio's Putative Father Registry. (Doc. No. 4). The documents attached to the Department's certification reflected that Scheiderer registered as a putative father on September 6, 2011. (*Id.*). (*See also* Judgment Entry, Doc. No. 5). The Department's certification was filed with the trial court on April 16, 2012. (Doc. No. 4). Eleven days earlier, on April 5, 2012, the Nords filed a motion to stay DNA testing of A.N. pending the hearing on the issues of consent and best interest of the child. (Doc. No. 2).

{¶4} In a June 21, 2012 judgment entry, the trial court denied the Nords' motion to stay DNA testing, ordered that Hart, Scheiderer, and A.N. immediately submit to genetic testing, and stayed the adoption proceeding pending the outcome of paternity testing. (Doc. No. 5). In its judgment entry, the trial court noted that on June 19, 2012, the Juvenile Division of the Union County Court of Common Pleas notified the Probate Division that Scheiderer, through his parents, filed a complaint on April 24, 2012 to determine the existence or nonexistence of a parent-child relationship between Scheiderer and A.N. (*Id.*). (*See also* Petitioner's Ex. 2, Sept. 26, 2012 Tr. at 7).

-3-

{¶5} On July 2, 2012, the Nords filed an amended petition for adoption of A.N., again listing Hart as the only person or agency whose consent to the adoption was required, and listing Scheiderer as a putative father whose consent was not required because he willfully abandoned Hart during her pregnancy and up to the time of her surrender of A.N. (Doc. No. 6). That same day, the Nords moved the trial court to schedule an immediate hearing concerning whether Scheiderer's consent was necessary. (Doc. No. 7).

{¶6} The case's docket saw a flurry of activity on July 5, 2012. That morning, a magistrate of the trial court issued an order notifying Scheiderer of the Nords' July 2, 2012 amended petition for adoption alleging that his consent was not required. (Doc. No. 8). The order also notified Scheiderer that a hearing would be scheduled as "set forth in a separate entry" and that, if he wished to contest the adoption, he needed to file an objection to the Nords' amended petition within fourteen days after receiving the notice and attend the hearing. (*Id.*). The clerk mailed to Scheiderer copies of the magistrate's order, the Nords' amended petition for adoption, and the Nords' motion requesting an immediate hearing concerning consent. (*Id.*). Scheiderer signed for the clerk's certified mailing on July 17, 2012. (*Id.*).

{¶7} Also on the morning of July 5, 2012, the Nords moved for reconsideration of the trial court's June 21, 2012 judgment entry ordering that

Hart, Scheiderer, and A.N. immediately submit to genetic testing or, alternatively, a continuance of the DNA testing. (Doc. No. 9). A few hours later, the magistrate issued an order denying the Nords' motion. (Doc. No. 10.).

{¶8} In the afternoon on July 5, 2012, Hart, through her next friend, filed a "notice of special appearance" and motion to set aside the portion of the trial court's June 21, 2011 judgment entry requiring her to submit to DNA testing despite her not being a party to the adoption proceeding. (Doc. Nos. 11, 12). Less than an hour later, the magistrate issued an order denying Hart's motion. (Doc. No. 13).

{¶9} On July 30, 2012, Scheiderer's counsel filed a notice of appearance. (Doc. No. 17).

{¶10} On July 31, 2012, the Nords filed a stipulation, in which they agreed to the admissibility of the DNA results in the paternity action filed by Scheiderer in the Juvenile Division. (Doc. No. 18). The Nords also agreed that A.N. was a party to both the paternity action and the adoption proceeding pending in the Juvenile Division and Probate Division, respectively, and that the courts of Union County, Ohio were the only courts having jurisdiction over A.N. (*Id.*).

{¶11} On August 6, 2012, the trial court held a pretrial hearing. (*See* Journal Entry, Doc. No. 14). Present at the hearing were Hart and her parents and counsel, A.N., counsel for Scheiderer, and counsel for the Nords, whose presence

the trial court excused. (Doc. Nos. 19, 20). Following the hearing, the trial court issued a journal entry and nunc pro tunc journal entry finding a parent-child relationship between Scheiderer and A.N. and scheduling a September 26, 2012 hearing concerning whether Scheiderer's consent to the adoption was necessary. (Doc. Nos. 20, 21).

{¶12} On August 20, 2012, the trial court issued to Scheiderer a "NOTICE OF HEARING ON PETITION FOR ADOPTION." (Doc. No. 22). In it, the trial court notified Scheiderer that the Nords filed an amended petition for adoption on July 2, 2012, that a hearing was scheduled for September 26, 2012, and that he needed to file an objection to the Nords' amended petition within fourteen days after receiving the notice and attend the hearing if he wished to contest the adoption. (*Id.*). The clerk mailed to Scheiderer copies of the notice of hearing on petition for adoption and the journal entry and nunc pro tunc journal entry scheduling the September 26, 2012 hearing. (*Id.*). Scheiderer signed for the clerk's certified mailing on August 22, 2012. (*Id.*).

{¶13} On August 27, 2012, the trial court held a conference attended by counsel for Hart, Scheiderer, and the Nords. (*See* Journal Entry, Doc. No. 23). Each attorney said he would not be requesting that a guardian ad litem be appointed for A.N. in the adoption proceeding. (*Id.*). In its journal entry memorializing the conference, the trial court noted that Scheiderer's counsel stated

at the conference that he was planning to file a petition for custody on behalf of Scheiderer, and that he planned to file a motion to appoint a guardian ad litem in that case. (*Id.*).

{¶14} The trial court held a hearing on September 26 and 27, 2012 to determine whether Scheiderer's consent to the adoption was necessary. (Sept. 26, 2012 Tr. at 4, 8); (Sept. 27, 2012 Tr. at 4). (*See also* Journal Entry, Doc. No. 24). Present at the hearing were Hart and her parents and counsel, Scheiderer and his counsel, and the Nords and their counsel. (Sept. 26, 2012 Tr. at 4-5). (*See also* Journal Entry, Doc. No. 24). At the outset of the hearing, the Nords' counsel noted that Scheiderer had not filed an objection to the amended petition as required by R.C. 3107.07(K) and requested that the trial court ask Scheiderer for the record whether he consented to the adoption. (Sept. 26, 2012 Tr. at 8). The trial court asked, and Scheiderer said he did not consent to the adoption. (*Id.* at 13). The Nords' counsel then argued that Scheiderer's consent was not necessary under R.C. 3107.07(K) because he failed to file an objection, and the Nords' counsel asked the trial court to rule on that issue. (*Id.* at 14-15). The trial court held the Nords' motion in abeyance and proceeded with the hearing. (*Id.* at 15).

{¶15} On October 12, 2012, the trial court issued a journal entry ordering that the parties submit written closing arguments, including proposed findings of fact and conclusions of law, on October 19, 2012. (Doc. No. 24). In addition, the

-7-

trial court ordered that the parties brief in their written closing arguments the legal issue of whether Scheiderer waived his right to contest the adoption by failing to object to the Nords' amended petition for adoption. (*Id.*). The trial court also allowed the Nords to return with A.N. to their home in Bakersfield, California, but ordered that they return to the trial court with A.N. if ordered by the trial court. (*Id.*).

{¶16} Hart, Scheiderer, and the Nords filed their written closing arguments on October 19, 2012. (Doc. Nos. 25-27).

{¶17} On November 19, 2012, the trial court issued the judgment entry concluding that Scheiderer's consent to the adoption was necessary and not given. (Doc. No. 30). The trial court based its decision on its conclusions that there was not clear and convincing evidence that Scheiderer willfully abandoned Hart or that he willfully abandoned or failed to care for and support A.N. (*Id.*). The trial court also concluded that Scheiderer did not waive his right to contest the adoption by failing to file a written objection to the Nords' amended petition for adoption. (*Id.*).

{¶18} The Nords filed their notice of appeal on November 29, 2012. (Doc. No. 32). They raise three assignments of error for our review.

**Assignment of Error No. I**

**The probate court erred in finding that O.R.C. § 3107.07(K)'s requirement that a written objection to the adoption be filed with the trial court within fourteen (14) days after notice is received did not apply to a putative father who has registered with the state putative father registry.**

{¶19} In their first assignment of error, the Nords argue that the trial court erred when it concluded that Scheiderer did not waive his right to contest the adoption, even though he failed to object in writing to the Nords' amended petition for adoption. Specifically, the Nords argue that Scheiderer received the notice he was entitled to receive under R.C. 3107.11(A)(1), but that he failed to object within fourteen days as required under R.C. 3107.07(K) and, as a result, waived his right to contest the adoption.

{¶20} The Nords' first assignment of error challenges the trial court's interpretation and application of R.C. 3107.07 and 3107.11. "We review a trial court's interpretation and application of a statute under a de novo standard of review." *In re Adoption of R.M.P.*, 11th Dist. Trumbull Nos. 2011-T-0041 and 2011-T-0042, 2011-Ohio-6841, ¶ 10 (citation omitted). *See also In re Adoption of O.N.C.*, 191 Ohio App.3d 72, 2010-Ohio-5187, ¶ 11 (3d Dist.) ("Statutory interpretation involves a question of law, and thus, our review is conducted under a de novo standard of review.").

**{¶21}** In Ohio, certain persons and entities must consent to an adoption, including the father and any putative father of the minor child. *In re T.L.S.*, 12th Dist. Fayette No. CA2012-02-004, 2012-Ohio-3129, ¶ 8, citing R.C. 3107.06. However, the General Assembly carved out exceptions to the consent requirement. Those exceptions are found in R.C. 3107.07. One of the exceptions applies if a person or entity whose consent to the adoption is required fails to file an objection to the petition for adoption within fourteen days after that person or entity receives notice of the petition and of the hearing of the petition:

> Consent to adoption is not required of any of the following:
>
> * * *
>
> (K) Except as provided in divisions (G) and (H) of this section, a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given * * *."

R.C. 3107.07(K). *See also In re T.L.S.* at ¶ 10.

**{¶22}** R.C. 3107.07(K) cross-references four statutory sections. The first two—R.C. 3107.07(G) and (H)—provide exceptions to the exception found in

R.C. 3107.07(K). Neither applies in this case, and the parties do not contend otherwise.

{¶23} R.C. 3107.07(K) also cross-references the notice required by R.C. 3107.11(A)(1). That statute requires that the trial court fix a time and place for a hearing on a petition for adoption after the petition is filed. It also requires that the trial court, at least twenty days before the hearing, give notice of the filing of the petition and of the hearing to, among others, any person whose consent is required under R.C. Chapter 3107 and who has not consented:

> (A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:
>
> (1) Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;
>
> * * *
>
> Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section

3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to division (B) of this section that a first notice was given to the court, agency, or person pursuant to division (A)(1) of this section.

R.C. 3107.11. As R.C. 3107.07(K) provides, if a person does not object within fourteen days after receiving the notice required by R.C. 3107.11(A)(1), his or her consent to the adoption is no longer required.

{¶24} Finally, R.C. 3107.07(K) cross-references R.C. 3107.11(B), which, according to R.C. 3107.07(K), governs the filing of proof that notice was given. The current version of R.C. 3107.11(B), however, does not address filing proof of notice and instead sets forth the language a court's notice must contain if the petition for adoption alleges that a parent failed without justifiable cause to provide for the maintenance and support of the minor or more than de minimis contact with the minor:

(B) Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de

minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE

OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN

OBJECTION TO THE ADOPTION PETITION OR APPEAR AT

THE HEARING."

Before the General Assembly amended R.C. 3107.11 in 2008, division (B) did address the filing of proof that notice was given, and provided: "All notices required under this section shall be given as specified in the Rules of Civil Procedure. Proof of the giving of notice shall be filed with the court before the petition is heard." *See* 2008 Sub.H.B. No. 7.

{¶25} In 2008, the General Assembly passed Substitute House Bill 7, which went into effect on April 7, 2009. 2008 Sub.H.B. No. 7. That legislation amended R.C. 3107.11 by adding a new division (B), and by bumping the existing division (B) to a new division, (C). *Id.* When it did so, the General Assembly did not also amend the cross-references in R.C. 3107.07(K) and 3107.11(A) to reflect that the old R.C. 3107.11(B) was the new R.C. 3107.11(C). *See* 2008 Sub.H.B. No. 7.

{¶26} We begin our de novo review of the trial court's interpretation and application of R.C. 3107.07 and 3107.11 by noting that the Supreme Courts of the United States and Ohio have recognized a putative father's right to a parental relationship with his offspring. *In re Adoption of Zschach*, 75 Ohio St.3d 648, 650-651 (1996), citing *Lehr v. Robertson*, 463 U.S. 248, 261-265, 103 S.Ct. 2985

(1983) and *In re Adoption of Greer*, 70 Ohio St.3d 293, 298 (1994). By the same token, "the goal of adoption statutes is to protect the best interests of children." *Id.* at 651. "In cases where adoption is necessary, this is best accomplished by providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner." *Id.* (citations omitted).

{¶27} "In balancing the rights of a putative father and the state's interest in protecting the welfare of children, the legislature has enacted a statutory scheme where putative fathers are given the right to contest an adoption by filing an objection with the appropriate authority." *Id.* The Supreme Court of Ohio has "held that adoption statutes are in derogation of common law and therefore must be strictly construed * * *." *Id.* at 655, citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 260 (1983). However, "strict construction does not require that we interpret statutes in such a manner that would mandate an unjust or unreasonable result." *Id.*, citing R.C. 1.47(C).

{¶28} The parties do not dispute the facts relevant to our analysis of the Nords' first assignment of error. No one disputes that Scheiderer—whether classified as a father or a putative father—was a person whose consent to the adoption was required under R.C. 3107.06. As a person whose consent to the adoption was required but who had not yet consented, the trial court was required to notify Scheiderer of the filing of the Nords' amended petition and of the time

and place of the hearing on the petition. R.C. 3107.11(A)(1). The parties do not dispute that the trial court sent two notices to Scheiderer—one in the form of a magistrate's order on July 5, 2012, and the other in the form of a "NOTICE OF HEARING ON PETITION FOR ADOPTION" signed by the trial court judge and dated August 20, 2012.

{¶29} Scheiderer does not dispute that he failed to timely file an objection to the Nords' petition for adoption. Instead, he argues that because he was a putative father who timely registered with Ohio's Putative Father Registry, R.C. 3107.07(B) required his consent to the adoption and controlled over the more general R.C. 3107.07(K). Scheiderer also argues that his registering with Ohio's Putative Father Registry, his appearance at hearings, and his filing a paternity action in the Juvenile Division was sufficient notice that he objected to the adoption.

{¶30} In its decision, the trial court similarly concluded that Scheiderer's consent was required under R.C. 3107.07(B) and that he did not consent. (Doc. No. 30). The trial court also concluded that it was required to and did notify Scheiderer of the Nords' amended petition and the hearing under R.C. 3107.11(A); that R.C. 3107.11(A) did not require Scheiderer to object; and, that the trial court was not required to give Scheiderer notice under R.C. 3107.11(B) because this case did not involve allegations under R.C. 3107.07(A) that Scheiderer failed

without justifiable cause to provide for the maintenance and support of A.N. or more than de minimis contact with A.N. (*Id.*). In excusing Scheiderer's failure to timely file an objection to the Nords' amended petition, the trial court reasoned that Scheiderer "has already clearly declared and formally put interested parties on notice of his desire to be a part of the child's life." (*Id.*).

{¶31} We disagree with Scheiderer and the trial court and hold that Scheiderer's consent to the Nords' adoption of A.N. was not required because he failed to file an objection to the Nords' amended petition within fourteen days after proof was filed with the trial court on August 23, 2012 that he was given notice of the Nords' amended petition and of the September 26, 2012 hearing. R.C. 3107.07(K). *See also In re T.L.S.*, 2012-Ohio-3129, at ¶ 12.

{¶32} We begin our analysis by noting that the trial court's first notice to Scheiderer—which came in the form of magistrate's order on July 5, 2012—was not sufficient to satisfy the requirements of R.C. 3107.11(A) because it did not inform him "of the time and place of hearing." Rather, the magistrate's order said the hearing would be scheduled as "set forth in a separate entry." (Doc. No. 8).

{¶33} The trial court's second notice, however—issued on August 20, 2012—did satisfy R.C. 3107.11(A). It notified Scheiderer of the Nords' amended petition and of the September 26, 2012 hearing, and it informed him that if he wished to contest the adoption, he needed to file an objection within fourteen days

of receiving the notice and appear at the hearing. (Doc. No. 22). This was sufficient to satisfy Scheiderer's due-process rights. *See In re Adoption of Baby F.*, 10th Dist. Franklin Nos. 03AP-1092 and 03AP-113, 2004-Ohio-1871, ¶ 13-20 (acknowledging that "[a] putative father's consent to an adoption is not necessary if he receives notice of a petition for adoption and does not file objections to the petition within 14 days" but concluding that the putative father's consent to the adoption "could not be excused pursuant to R.C. 3107.07(K)" because the notice of hearing failed to inform the putative father "of the need to file objections within 14 days if he objected to the adoption" and, therefore, "did not comply with the putative father's due process rights").

{¶34} In accordance with R.C. 3107.07(K) and R.C. 3107.11(C), proof that Scheiderer received the notice was filed with the trial court on August 23, 2012, giving him until September 6, 2012 to file an objection. (Doc. No. 22). Because he failed to do so, we hold that his consent to the adoption was not required. R.C. 3107.07(K). *See also In re T.L.S.* at ¶ 12 (concluding "that appellee's consent to the adoption was not required because he failed to object when given notice of the adoption petition").

{¶35} Our holding is consistent with the Supreme Court of Ohio's decision in *In re Adoption of Zschach.* 75 Ohio St.3d 648. In that case, the Supreme Court rejected a putative father's attempt to circumvent the procedural mandates of a

former version of R.C. 3107.07(B). *Id.* at 650-652. The putative father argued that his attempt to condition his consent to adoption on his retention of permanent visitation rights satisfied R.C. 3107.07(B)'s requirement that he file a written objection. *Id.* The Supreme Court rejected his argument, concluding that "[w]hile strict adherence to the procedural mandates of R.C. 3107.07(B) might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *Id.* at 652.

{¶36} We disagree with Scheiderer's argument and the trial court's conclusion that Scheiderer's consent was required under R.C. 3107.07(B), notwithstanding R.C. 3107.07(K). R.C. 3107.07(B) sets forth circumstances under which the consent of a minor's putative father is not required for adoption:

Consent to adoption is not required of any of the following:

* *

(B) The putative father of a minor if either of the following applies:

(2)  The putative father fails to register as the minor's putative father with the putative father registry established under section 3107.062 of the Revised Code not later than thirty days after the minor's birth;

(3) The court finds, after proper service of notice and hearing, that any of the following are the case:

(a) The putative father is not the father of the minor;

(b) The putative father has willfully abandoned or failed to care for and support the minor;

(c) The putative father has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor, or the minor's placement in the home of the petitioner, whichever occurs first.

Scheiderer's timely registration with Ohio's Putative Father Registry simply meant that R.C. 3107.07(B) did not excuse his consent. *See* R.C. 3107.07(B)(1). It did not guarantee that his consent would be required, nor did it authorize him to ignore other applicable provisions of R.C. 3107.07. Divisions (A) through (L) of R.C. 3107.07 set forth distinct and independent circumstances under which consent is not required. *See* R.C. 3107.07 ("Consent to adoption is not required of *any* of the following * * *." (Emphasis added)); *In re B.A.H.*, 2d Dist. Greene No. 2012-CA-44, 2012-Ohio-4441, ¶ 19 ("Thus, in Ohio, putative fathers must consent to any adoption unless *one of the exceptions* set forth in R.C. 3107.07 applies." (Emphasis added.)).

{¶37} We also disagree with the trial court's interpretation and application of R.C. 3107.07 and 3107.11. The trial court reasoned that R.C. 3107.11(A) did not require Scheiderer to file an objection, but that reasoning ignores the role of R.C. 3107.07(K). It is true that R.C. 3107.11(A), standing alone, does not require the filing of an objection. Rather, that requirement is found in R.C. 3107.07(K), and it applied to Scheiderer because he is a person who was entitled to notice under R.C. 3107.11(A)(1).

{¶38} Scheiderer argues    and the trial court reasoned that Scheiderer's failure to timely file an objection in this case was excused by his registering with Ohio's Putative Father Registry, his appearance at hearings, and his filing a paternity action. However, R.C. 3107.07(K) is clear—it excuses the consent of any agency or person who fails to timely file objections to the notice provided under R.C. 3107.11(A)(1). Anything short of timely filing objections results in consent no longer being required. We, therefore, reject Scheiderer's "constructive notice" arguments and the similar reasoning of the trial court.

{¶39} In support of his arguments, Scheiderer cites *In re Adoption of Campbell*, 5th Dist. Guernsey No. 07 CA 43, 2008-Ohio-1916. However, the Fifth District in that case made no mention of R.C. 3107.07(K) and instead addressed whether, under R.C. 3107.07(A), the appellant failed without justifiable

cause to communicate with the minor for a period of one year preceding the filing of the petition for adoption. *Id.* at ¶ 20-21.

{¶40} Scheiderer also cites the Supreme Court of Ohio's decision in *In re Adoption of Greer*, 70 Ohio St.3d 293 (1994), and this Court's decision in *In re Adoption of Youngpeter*, 65 Ohio App.3d 172 (3d Dist.1989). More specifically, Scheiderer relies on a footnote in *In re Adoption of Greer*, in which the Supreme Court cited *In re Adoption of Youngpeter* and "express[ed] no opinion as to whether a putative father who objects to the adoption for the first time by making an oral objection at the hearing of the adoption petition has 'filed' an objection within the scope of" a since-amended version of R.C. 3107.07(B) requiring that a putative father file an objection to the adoption. *In re Adoption of Greer* at 301, fn. 3. The Supreme Court characterized this Court's decision in *In re Adoption of Youngpeter* as "implicitly holding that oral objection suffices to trigger right to hearing on R.C. 3107.07[B] issues of abandonment or failure to support." *In re Adoption of Greer* at 301, fn. 3.

{¶41} *In re Adoption of Greer* does not bear on this case because the Supreme Court expressed no opinion as to whether an oral objection at hearing could satisfy a requirement that one "file" an objection. *Id.* Nor does *In re Adoption of Youngpeter* bear on our holding today. In that case, the parties did not present us with the question of whether an oral objection at hearing could satisfy a

requirement that one "file" an objection, and we did not offer an opinion on that question. *See In re Adoption of Youngpeter* at 174-179. Even assuming *In re Adoption of Youngpeter* stood for the proposition that an oral objection could constitute a "filing," R.C. 3107.07(K) clearly requires that the objection be filed within fourteen days of receipt of notice. Here, Scheiderer made his oral objection at the September 26, 2012 hearing, which was more than fourteen days after proof was filed that he received the trial court's August 20, 2012 notice. (*See* Sept. 26, 2012 Tr. at 8, 13). Thus, this case does not call upon us to decide, and we still do not decide, whether an oral objection at hearing can satisfy the statute's requirement that one "file" an objection.

{¶42} As the Supreme Court of Ohio did in *In re Adoption of Zschach*, we acknowledge that "strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair," but that adherence is necessary given the intent of the legislature apparent from the statute's language. The General Assembly amended Ohio's adoption laws in 1996 "to streamline the adoption process and to reduce the time needed to finalize an adoption." *In re T.L.S.*, 2012-Ohio-3129, at ¶ 10, citing *In re Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, ¶ 56 (Cupp, J., dissenting). These amendments included the addition of R.C. 3107.07(K). *See* 1996 H.B. No. 419; *In re T.L.S.* at ¶ 10. It is not the role of this Court to second guess the legislature's policy decisions. *See Matter of Apple*, 2d

Dist. Miami No. 93-VA-59, 1994 WL 515116, *7 (Sept. 21, 1994) ("It is wholly inappropriate for this court to rewrite the adoption laws of Ohio on grounds of policy considerations. The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions.").

{¶43} The Nords' first assignment of error is, therefore, sustained.

### Assignment of Error No. II

**The probate court erred in finding that the putative father's abandonment of the birthmother during her pregnancy and through the time of placement was justified.**

### Assignment of Error No. III

**The probate court erred in finding that the putative father's abandonment and failure to care for and support the minor, [sic] was justified.**

{¶44} In their second assignment of error, the Nords argue that the trial court erred in concluding that Scheiderer did not, under R.C. 3107.07(B)(2)(c), willfully abandon Hart during her pregnancy and up to the time A.N. was placed with the Nords. In their third assignment of error, the Nords argue that the trial court erred in concluding that Scheiderer did not, under R.C. 3107.07(B)(2)(b), willfully abandon or fail to care for and support A.N.

{¶45} In light of our decision that the trial court erred when it concluded that Scheiderer's consent to the adoption was required notwithstanding his failure to timely file an objection to the adoption under R.C. 3107.07(K), the Nords'

-24-

remaining assignments of error have been rendered moot, and we decline to address them.  App.R. 12(A)(1)(c).

**{¶46}** Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**