[Cite as *In re Adoption of E.H.D.*, 2020-Ohio-5014.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: ADOPTION OF E.H.D. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J.<br><br>Case No. 2020CA00097<br><br>O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Stark County Court of Common Pleas, Probate Division, Case No. 236032 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 21, 2020 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellee Anastasia Dunigan | For Appellant Jessica Byard |
| EUGENE CAZANTZES, ESQ.<br>Pitinii, Davies & Cazantzes, LLC<br>101 Central Plaza, South, Suite #1000<br>Canton, Ohio  44702 | PAUL HERVEY, ESQ.<br>4940 Munson Avenue, N.W.<br>Canton, Ohio  44718 |

*Hoffman, P.J.*

{¶1}  Appellant Jessica Byard appeals the judgment entered by the Stark County Common Pleas Court, Probate Division, overruling her motion to dismiss a stepparent adoption petition filed by Appellee, Anastasia Dunigan.

STATEMENT OF THE CASE[1]

{¶2}  Appellant is the biological mother of E.H.D.  On December 26, 2019, Appellee filed a petition for the adoption of Appellee's stepdaughter, E.H.D.  The petition alleged Appellant's consent was not necessary to the adoption because she had failed without justiciable cause to communicate with the minor child within one year preceding the filing of the petition.

{¶3}  Appellant was served with notice of the hearing pursuant to R.C. 3107.11(C) on December 30, 2019, as evidenced by the certified mail return receipt, which was returned to the trial court on January 6, 2020.  The notice informed Appellant a petition for adoption had been filed, and a hearing had been scheduled for March 23, 2020, at 9:00 a.m.  The notice further set forth:

A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raise on appeal.

THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DEGREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING.

**{¶4}** On February 24, 2020, Appellant filed a motion to dismiss the petition based on Appellee's failure to serve her with the pleadings in the case. Appellant filed an answer and objection to the petition on February 28, 2020. The trial court overruled Appellant's motion to dismiss, finding her objection to the adoption was not timely filed pursuant to R.C. 3107.07(K).

**{¶5}** It is from the March 20, 2020 judgment of the Stark County Common Pleas Court, Probate Division, Appellant prosecutes this appeal, assigning as error:

I. THE PROBATE COURT ERRED AND ABUSED ITS DISCRETION IN REJECTING MOTHER'S OBJECTION TO A STEPPARENT ADOPTION FOR BEING UNTIMELY AND FOR NOT SERVING STEPPARENT'S COUNSEL.

II. MOTHER'S CONSTITUTIONAL RIGHTS TO DUE PROCESS, EQUAL PROTECTION, AND PRIVACY OF THE FAMILY RELATIONSHIP WERE VIOLATED WHEN HER OBJECTION TO HER DAUGHTER'S ADOPTION WAS DISMISSED.

I.

{¶6} In her first assignment of error, Appellant argues the trial court erred in overruling her motion to dismiss the petition on the basis Appellee failed to serve her with the pleadings in the instant case. Appellant argues Appellee was required to serve her with the petition for adoption in accordance with the Ohio Rules of Civil Procedure.

{¶7} After a petition for adoption is filed, R.C. 3107.11 provides for service of notice of the petition as follows:

(A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:

(1) Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;

(2) A person whose consent is not required as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented;

(3) Any guardian, custodian, or other party who has temporary custody or permanent custody of the child.

Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section 3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to division (B) of this section that a first notice was given to the court, agency, or person pursuant to division (A)(1) of this section.

(B) Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING

THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."

(C) All notices required under this section shall be given as specified in the Rules of Civil Procedure. Proof of the giving of notice shall be filed with the court before the petition is heard.

**{¶8}** It is undisputed Appellant was served with notice of the filing of the petition in accordance with R.C. 3107.11 and failed to file an objection within fourteen days. Appellant argues she was required to be served with the petition itself, and not merely notice of its filing and of the hearing date, in accordance with the Civil Rules. Appellant

raised this same issue in her action seeking a writ of mandamus and of prohibition filed with this Court on April 16, 2020.  We rejected her argument, holding as follows:

Next, Ms. Byard cites *In re Burdette*, 83 Ohio App. 368, 83 N.E.2d 813 (9th Dist.1948). A review of this case supports the conclusion that service of notice of the adoption hearing is sufficient. This 1948 case references adoption statutes from Ohio's General Code. Even under the General Code, the court of appeals noted:

"The statute does not require summons but only notice to be served on the parent. * * * The word 'notice' is defined in Webster's New International Dictionary (2d Ed.) as 1. 'Information; or warning, esp. of a formal nature; announcement * * *.' 'Notice' is used in the statute as a means of advice or information in writing, to apprise a person of some court proceedings."

*Id.* at 375.

The court of appeals found the probate court correctly concluded biological mother received proper notice regarding the adoption hearing even though biological mother was only served with a true copy of the notice of hearing. *Id.* at 369, 375. There is no mention in the *Burdette* case that biological mother was also served with a copy of the adoption petition. Thus, Burdette stands for the proposition that service of notice alone is sufficient.

Finally, Ms. Byard cites *In re Adoption of Goldberg*, 12th Dist. Warren Nos. CA2002-09-091, CA2002-09-099, CA2002-10-109, 2003-Ohio-1015.

This case also does not address the issue raised by Ms. Byard regarding service of the adoption petition. However, it does support the conclusion that only "notice" is required to be given to any person whose consent to the adoption is required. *Goldberg* held the application of the one-year service requirement of Civ.R. 3(A) is inconsistent with the language of the adoption statute and the purpose of the failure to communicate provision. *Id.* at ¶ 25.

In reaching this conclusion, the *Goldberg* court first noted the Rules of Civil Procedure do not apply " 'to the extent they would be clearly inapplicable.' Civ.R.1(C)(7)." *Id.* at ¶ 12. Importantly, for the issue presented here, the court also explained the statute, R.C. 3107.11(A)(2), only requires persons be given notice of the filing of the petition " '[a]t least twenty days before the date of the hearing' on the petition." *Id.* at ¶ 18.

We do not find the case law relied on by Ms. Byard supports the claims she presented in her Complaint such that she would be entitled to mandamus relief. Further, in her dismissal motion, Judge Park cites a case from this Court we find to be on point with regard to the service issue raised by Ms. Byard. In *Askew v. Taylor*, 5th Dist. Stark No. 2004CA00184, 2004-Ohio-5504, the probate court granted stepfather's adoption petition because biological father failed to communicate with the minor child for a period of at least one year immediately preceding the filing of the adoption petition. *Id.* at ¶ 6. Biological father appealed to this Court and assigned as error the trial court's alleged failure to serve him with a copy of the adoption petition. *Id.* at ¶ 17. Specifically, biological father argued, "he was never

served a copy of the same with a summons as required by Civ.R. 4 and 4.1." *Id.*

We overruled biological father's assignment of error referencing language in R.C. 3107.11(A), which provides: "At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court * * *" (Emphasis sic.) *Id.* at ¶ 18. We held, "[i]n short, such section requires service of notice rather than issuance of summons." (Emphasis added.) *Id.* This Court further explained Civ.R. 73 is the applicable rule regarding proceedings in a probate court. *Id.* at ¶ 19. The current version of the rule provides in section (C) that with regard to service of summons, Civ.R. 4 through 4.6 apply to probate courts. However, section (E) of the rule addresses the various ways in which service of notice may occur. Clearly, Civ.R. 73 contemplates service of different types of documents, including service of notice as opposed to service of a summons and complaint.

In the present matter, Ms. Byard does not claim she did not receive notice of the hearing. Rather, she maintains she was also entitled to be served with a copy of the Petition for Adoption. Neither R.C. 3107.11(A) nor our decision in *Askew* supports this conclusion. Rather, both indicate anyone entitled to notice of the filing of an adoption petition is entitled to notice of the filing of the petition, which must be properly served under Civ.R. 73(E). For these reasons, we conclude Ms. Byard received the type of notice to which she was statutorily entitled to receive when Judge Park

served her with Standard Probate Form 18.2 Notice of Hearing on Petition for Adoption.

*State ex rel. Byard v. Park*, 5th Dist. Stark No. 2020CA00080, 2020-Ohio-3062, ¶¶ 14-20.

**{¶9}** For the reasons stated in our opinion dismissing Appellant's action for mandamus and prohibition in the previous matter, we find Appellant was not entitled to be served with the petition in accordance with the Civil Rules. It is undisputed Appellant received notice of the hearing as required by R.C. 3107.11(C), and failed to file an objection to the petition within fourteen days. We therefore find the trial court did not err in overruling her motion to dismiss the petition on the basis it was improperly served.

**{¶10}** The first assignment of error is overruled.

II.

**{¶11}** In her second assignment of error, Appellant argues R.C. 3107.11(K), which gives her only fourteen days to object to a petition for adoption, is unconstitutional as it violates her rights to due process, equal protection, and privacy in the family relationship.

**{¶12}** In her brief, Appellant focuses her argument concerning constitutionality on the Due Process clause, and protection of the parent-child relationship it affords. Because she does not separately argue her equal protection and privacy claims, we address only her claim the statute violates her right to due process of law, and its protection of the fundamental right of the parent-child relationship.

**{¶13}** The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides a state shall not "deprive any person of life, liberty, or property

without due process of law." The Supreme Court of Ohio has determined the "due course of law" clause of Article I, Section 16 of the Ohio Constitution is the equivalent of the "due process of law" clause in the Fourteenth Amendment. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544, 38 N.E.2d 70 (1941).

**{¶14}** " 'Due process demands that the state provide meaningful standards in its laws.' " *In re Adoption of H.N.R.,* 145 Ohio St.3d 144, 2015-Ohio-5476, 47 N.E.3d 803, ¶ 25, *quoting Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 81. "At its most basic level, due process requires protection against arbitrary laws." *Id., citing Sacramento Cty. v. Lewis*, 523 U.S. 833, 845-846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). "To satisfy the requirements of procedural due process, the means employed by a statute must have a real and substantial relation to the object to be obtained, and its methods must not be unreasonable, arbitrary, or capricious." *Id.*, *citing Nebbia v. New York,* 291 U.S. 502, 505, 54 S.Ct. 505, 78 L.Ed. 940 (1934) *and Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274, 503 N.E.2d 717 (1986). To determine whether a particular procedure is constitutionally adequate, courts are generally required to analyze and balance three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

**{¶15}** *Id., quoting Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

**{¶16}** The Court of Appeals for the Third District analyzed R.C. 3701.11(K) under the test set forth in *Matthews,* holding as follows:

> Accordingly, first we must frame the private interest involved. Although Rhoades argues that the private interest at issue is the fundamental liberty interest of a parent in raising his or her natural child, the private interest affected by R.C. 3107.07(K) is much more limited. Here, the private interest involved is the right to withhold consent to the adoption of the child. R.C. 3107.07(K) does not constitute consent to the adoption of the child. *See Hess v. Bolden*, 5th Dist. Tuscarawas No. 2001AP080084, 2002 WL 54758, (Jan. 8, 2002). Rather, R.C. 3107.07(K) "merely 'provides for cutting off the statutory right of a parent to withhold his consent to the adoption of the child,' leaving all other parental rights and obligations intact." *Id. See also In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209, 515 N.E.2d 622 (3d Dist.1986). Accordingly, until the court enters a final decree of adoption, the parent retains the rights and obligations of parenthood. *In re Adoption of Jorgensen* at 209, 515 N.E.2d 622. If the probate court does not find that the adoption is in the best interest of the child, any parental rights that the parent lost due to the operation of R.C. 3107.07(K) are "necessarily restored." *Id.*

With respect to the second factor, there is some risk that the 14-day deadline may deprive a parent of the right to contest an adoption if they intend to contest an adoption but fail to file a timely objection. However, this risk is reduced by R.C. 3107.11, which requires that parents who have not filed a consent with the court must be given notice of the hearing on the petition for adoption as well as notice that they must file objections within 14 days if they wish to contest the adoption. See R.C. 3107.11.

Concerning the third factor, "[t]he state's interest is determined through its intent in enacting the legislation at issue." *In re H.N.R.,* 145 Ohio St.3d, 2015-Ohio-5476, 47 N.E.3d 803, at ¶ 27, *citing State ex rel. Evans v. Moore*, 69 Ohio St.2d 88, 91, 431 N.E.2d 311 (1982); *Brock v. Roadway Express*, Inc., 481 U.S. 252, 258-259, 262, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Lehr v. Robertson*, 463 U.S. 248, 263-265, fn. 20, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); *Hamdi v. Rumsfeld*, 542 U.S. 507, 517, 531, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004). " '[T]he goal of adoption statutes is to protect the best interests of children.' " *In re Adoption of A.N.*, 3d Dist. Union, 2013-Ohio-3871, 997 N.E.2d 1244, ¶ 26, *quoting In re Adoption of Zschach*, 75 Ohio St.3d 648, 651, 665 N.E.2d 1070 (1996). " 'In cases where adoption is necessary, this is best accomplished by providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner.' " *Id., quoting Zschach* at 651, 665 N.E.2d 1070.

With respect to R.C. 3107.07(B), which operates similarly to R.C. 3107.07(K) and provides that a putative father's consent to an adoption is not required if he fails to comply with a number of statutory requirements, the Ohio Supreme Court has held that "while strict adherence to the procedural mandates * * * might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *Zschach* at 652, 665 N.E.2d 1070. Moreover, "[i]t is not the role of this Court to second guess the legislature's policy decisions." *In re Adoption of A.N.,* 2013-Ohio-3871, 997 N.E.2d 1244, at ¶ 42. "The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions." *Id.*

Consequently, after weighing the applicable factors, we cannot find beyond a reasonable doubt that R.C. 3107.07(K) violates the Due Process Clause of the Fourteenth Amendment.

**{¶17}** *In re Adoption of N.F.,* 3rd Dist. No. 8-19-39, 2019-Ohio-5380, 151 N.E.3d 119, ¶¶ 19-23.

**{¶18}** We concur with the reasoning of the Third District R.C. 3107.07(K) does not violate the Due Process Clause of the Fourteenth Amendment.

**{¶19}** The second assignment of error is overruled.

**{¶20}** The judgment of the Stark County Common Pleas Court, Probate Division, is affirmed.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur