[Cite as *In re Adoption of N.F.*, 2019-Ohio-5380.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

IN RE:  THE ADOPTION OF:

N.F.,

CASE NO.  8-19-39

[JOHN M. RHOADES - APPELLANT]          O P I N I O N

IN RE:  THE ADOPTION OF:

Z.F.,

CASE NO.  8-19-40

[JOHN M. RHOADES - APPELLANT]          O P I N I O N

Appeals from Logan County Common Pleas Court
Probate Division
Trial Court Nos. 19-AD-01 and 19-AD-02

Judgments Affirmed

Date of Decision:   December 30, 2019

APPEARANCES:

*Alison Boggs* for Appellant

*Jerry M. Johnson* for Appellee

*Ruth T. Kelly*, Amicus Curiae, Academy of Adoption and
    Assisted Reproduction Attorneys

**PRESTON, J.**

{¶1} Appellant, John M. Rhoades ("Rhoades"), appeals the June 19, 2019 judgments of the Logan County Court of Common Pleas, Probate Division, in which the court found that his consent is not required for the adoption of his biological children,[1] N.F. and Z.F., by Appellee, Christian T. Fogle ("Fogle"). For the reasons that follow, we affirm.

{¶2} On January 4, 2019, Fogle filed petitions to adopt his minor stepchildren, N.F. and Z.F. (Case No. 19AD-01, Doc. No. 1); (Case No. 19AD-02, Doc. No. 1). The petitions alleged that Rhoades's consent is not required for the adoptions. (*Id.*); (*Id.*). Kayla M. Fogle ("Kayla"), the children's biological mother, filed her consent for the adoptions on the same day. (Case No. 19AD-01, Doc. No. 3); (Case No. 19AD-02, Doc. No. 3).

{¶3} On January 22, 2019, service of the notices of the hearing on consent was made on Rhoades. (Case No. 19AD-01, Doc. No. 17); (Case No. 19AD-02, Doc. No. 17). Rhoades appeared at the consent hearing on March 18, 2019 and orally objected to the petition for adoption. (Mar. 18, 2019 Tr. at 4). After determining that Rhoades failed to file an objection to the proposed adoption within 14 days after receiving notice of the filing of the petitions for adoption and the time

---

[1] Rhoades was married to Kayla Fogle, N.F.'s and Z.F's biological mother at the time of the children's births, and Fogle does not contest that Rhoades is the biological father of N.F. and Z.F. (*See* Doc. No. 1).

and place of the hearing on the petitions, the trial court found that Rhoades's consent is not necessary for the adoptions. (*Id.* at 13-16). The trial court filed its judgment entries reflecting its finding that Rhoades's consent is not required on April 2, 2019. (Case No. 19AD-01, Doc. No. 20); (Case No. 19AD-02, Doc. No. 20).

{¶4} On April 26, 2019, Rhoades filed written objections to the adoptions of N.F. and Z.F. (Case No. 19AD-01, Doc. No. 28); (Case No. 19AD-02, Doc. No. 28). That same day, Rhoades filed a motion to consider additional evidence in which he argued that the trial court's finding that his consent to the adoptions is not required violated his due process rights. (Case No. 19AD-01, Doc. No. 26); (Case No. 19AD-02, Doc. No. 26). On May 8, 2019, Fogle filed a motion to strike Rhoades's objections to the adoptions because they were filed untimely. (Case No. 19AD-01, Doc. Nos. 34, 36); (Case No. 19AD-02, Doc. Nos. 34, 36). That same day, Fogle also filed an objection to Rhoades's motion to consider additional evidence. (Case No. 19AD-01, Doc. Nos. 35, 37); (Case No. 19AD-02, Doc. Nos. 35, 37).

{¶5} On May 16, 2019, a pretrial was held in chambers. (*See* Case No. 19AD-01, Doc. No. 40); (Case No. 19AD-02, Doc. No. 39). Following the pretrial, the trial court ordered that the attorneys file briefs on the issue of whether Rhoades's consent is necessary. (*Id.*); (*Id.*). On May 29, 2019, Fogle and Rhoades filed their respective briefs. (Case No. 19AD-01, Doc. Nos. 43, 44, 45); (Case No. 19AD-02,

Doc. Nos. 42, 43, 44). On June 19, 2019, the trial court filed its judgment entries finding that Rhoades's consent to the adoptions is not required. (Case No. 19AD-01, Doc. No. 48); (Case No. 19AD-02, Doc. No. 47).

{¶6} Rhoades filed his notices of appeal on July 15, 2019. (Case No. 19AD-01, Doc. No. 56); (Case No. 19AD-02, Doc. No. 55). He raises two assignments of error, which we address together.

### Assignment of Error No. I

**Ohio Revised Code Section 3107.07(K) violates the 14th Amendment to the United States Constitution, as applied to appellant's case and others similarly situated, by arbitrarily denying appellant equal protection and his due process right to be heard at a meaningful time and in a meaningful manner on the petition for adoption.**

### Assignment of Error No. II

**The hearing notice contained in Ohio Revised Code Section 3107.11(B) violates appellant's Constitutional right to due process as the notice provision is confusing, misleading and inaccurate.**

{¶7} In his first assignment of error, Rhoades argues that R.C. 3107.07(K) is unconstitutional because it arbitrarily denies those given notice of a petition for adoption pursuant to R.C. 3107.11(A)(1) equal protection and a due process right to be heard at a meaningful time and in a meaningful manner on the petition for adoption. In his second assignment of error, Rhoades argues that the hearing notice contained in R.C. 3107.11(B) is unconstitutional because it is confusing, misleading, and inaccurate. For the reasons that follow, we disagree.

{¶8} In Ohio, certain persons and entities must consent to an adoption, including the father of the minor child. *In re T.L.S.*, 12th Dist. Fayette No. CA2012-02-004, 2012-Ohio-3129, ¶ 8, citing R.C. 3107.06. However, the General Assembly carved out exceptions to the consent requirement. Those exceptions are found in R.C. 3107.07. One of the exceptions applies if a person or entity whose consent to the adoption is required fails to file an objection to the petition for adoption within 14 days after that person or entity receives notice of the petition and of the hearing on the petition:

> Consent to adoption is not required of any of the following:
>
> * * *
>
> (K) Except as provided in divisions (G) and (H) of this section, a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given * * *.

R.C. 3107.07(K). *See also In re T.L.S.* at ¶ 10.

{¶9} R.C. 3107.07(K) cross-references the notice required by R.C. 3107.11(A)(1). That statute requires that the trial court fix a time and place for a hearing on a petition for adoption after the petition is filed. It also requires that the

trial court, at least twenty days before the hearing, give notice of the filing of the petition and of the hearing to, among others, any person whose consent is required under R.C. Chapter 3107 and who has not consented:

> (A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of the hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:
>
> (1) Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;
>
> * * *
>
> Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section 3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to

division (B) of this section that a first notice was given to the court,

agency, or person pursuant to division (A)(1) of this section.

R.C. 3107.11. As R.C. 3107.07(K) provides, if a person does not object within 14 days after receiving the notice required by 3107.11(A)(1), his or her consent to the adoption is no longer required.

{¶10} R.C. 3107.07(K) also cross-references R.C. 3107.11(B), which, according to R.C. 3107.07(K), governs the filing of proof that notice was given. The current version of R.C. 3107.11(B), however, does not address filing proof of notice and instead sets forth the language a court's notice must contain if the petition for adoption alleges that a parent failed without justifiable cause to provide for the maintenance and support of the minor or more than de minimis contact with the minor.

{¶11} We review de novo the determination of a statute's constitutionality. *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27, citing *Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095, ¶ 23 (9th Dist.) and *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, ¶ 11 (1st Dist.). "De novo review is independent, without deference to the lower court's decision." *Id.*, citing *Ohio Bell Tel. Co. v. Pub. Util. Comm. of Ohio*, 64 Ohio St.3d 145, 147 (1992).

{¶12} "'It is difficult to prove that a statute is unconstitutional.'" *State v. Stoffer*, 2d Dist. Montgomery No. 26268, 2015-Ohio-352, ¶ 8, quoting *Arbino v.*

*Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, ¶ 25. "'All statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."'" *Id.*, quoting *Arbino* at ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.

{¶13} "A party may challenge the constitutionality of a statute with either a facial challenge or an as-applied challenge." *Simpkins v. Grace Brethren Church of Delaware, Ohio*, 149 Ohio St.3d 307, 2016-Ohio-8118, ¶ 20. The distinction between the two types of constitutional challenges is important because the standard of proof is different for the two types of challenges. *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 20. "To prevail on a facial constitutional challenge, the challenger must prove the constitutional defect, using the highest standard of proof, which is also used in criminal cases, proof beyond a reasonable doubt." *State ex rel. Ohio Congress of Parents & Teachers v. State Bd. of Edn.*, 111 Ohio St.3d 568, 2006-Ohio-5512, ¶ 21, citing *Dickman* at paragraph one of the syllabus. Conversely, "[t]o prevail on a constitutional challenge to the statute as applied, the challenger must present clear and convincing evidence of the statute's constitutional defect." *Id.*, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus.

{¶14} "A facial challenge alleges that a statute, ordinance, or administrative rule, on its face and under all circumstances, has no rational relationship to a legitimate governmental purpose." *Wymsylo* at ¶ 21. "Facial challenges to the constitutionality of a statute are the most difficult to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid." *Id.*, citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095 (1987). "If a statute is unconstitutional on its face, the statute may not be enforced under any circumstances." *Id.* "When determining whether a law is facially invalid, a court must be careful not to exceed the statute's actual language and speculate about hypothetical or imaginary cases." *Id.*, citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450, 128 S.Ct. 1184 (2008).

{¶15} Here, Rhoades concedes that although his assignments of error include the phrase "as applied" he brings a facial challenge to the constitutionality of R.C. 3107.07(K) and 3107.11(B). (Appellant's Reply Brief at 1-2, 4).

{¶16} We note that although Rhoades argues that R.C. 3107.07(K) violates the Equal Protection clause, he does not make distinct arguments detailing how R.C. 3107.07(K) violates the Equal Protection Clause. *See State v. Raber*, 189 Ohio App.3d 396, 2010-Ohio-4066, ¶ 30 (9th Dist.), quoting *NSK Industries, Inc. v. Bayloff Stamped Prods. Kinsman, Inc.*, Summit No. 24777, 2010-Ohio-1171,

quoting *Cardone v. Cardone*, (May 6, 1998), 9th Dist. No. 18349, at ¶ 8. ("'"[I]f an argument exists that can support [an] assignment of error, it is not this [c]ourt's duty to root it out."'"). As his arguments regarding the constitutionality of R.C. 3107.07(K) are more appropriately framed in terms of the Due Process Clause, our analysis of Rhoades's first assignment of error will focus on his contention that R.C. 3107.07(K) violates the Due Process Clause.

{¶17} The Due Process Clause of the Fourteenth Amendment to the United States Constitution states that a state shall not "deprive any person of life, liberty, or property without due process of law." The Supreme Court of Ohio has determined that the "due course of law" clause of Article I, Section 16 of the Ohio Constitution is the equivalent of the "due process of law" clause in the Fourteenth Amendment. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544 (1941).

{¶18} "'Due process demands that the state provide meaningful standards in its laws.'" *In re Adoption of H.N.R.*, 145 Ohio St.3d 144, 2015-Ohio-5476, ¶ 25, quoting *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, ¶ 81. "At its most basic level, due process requires protection against arbitrary laws." *Id.*, citing *Sacramento Cty. v. Lewis*, 523 U.S. 833, 845-846, 118 S.Ct. 1708 (1998). "To satisfy the requirements of procedural due process, the means employed by a statute must have a real and substantial relation to the object to be obtained, and its methods must not be unreasonable, arbitrary, or capricious." *Id.*, citing *Nebbia v. New York*,

291 U.S. 502, 505, 54 S.Ct. 595 (1934) and *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274 (1986). To determine whether a particular procedure is constitutionally adequate, courts are generally required to analyze and balance three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*, quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976).

{¶19} Accordingly, first we must frame the private interest involved. Although Rhoades argues that the private interest at issue is the fundamental liberty interest of a parent in raising his or her natural child, the private interest affected by R.C. 3107.07(K) is much more limited. Here, the private interest involved is the right to withhold consent to the adoption of the child. R.C. 3107.07(K) does not constitute consent to the adoption of the child. *See Hess v. Bolden*, 5th Dist. Tuscarawas No. 2001AP080084, 2002 WL 54758, *3 (Jan. 8, 2002). Rather, R.C. 3107.07(K) "merely 'provides for cutting off the statutory right of a parent to withhold his consent to the adoption of the child,' leaving all other parental rights

and obligations intact." *Id. See also In re Adoption of Jorgensen*, 33 Ohio App.3d 207, 209 (3d Dist.1986). Accordingly, until the court enters a final decree of adoption, the parent retains the rights and obligations of parenthood. *In re Adoption of Jorgensen* at 209. If the probate court does not find that the adoption is in the best interest of the child, any parental rights that the parent lost due to the operation of R.C. 3107.07(K) are "necessarily restored." *Id.*

{¶20} With respect to the second factor, there is some risk that the 14-day deadline may deprive a parent of the right to contest an adoption if they intend to contest an adoption but fail to file a timely objection. However, this risk is reduced by R.C. 3107.11, which requires that parents who have not filed a consent with the court must be given notice of the hearing on the petition for adoption as well as notice that they must file objections within 14 days if they wish to contest the adoption. *See* R.C. 3107.11.

{¶21} Concerning the third factor, "[t]he state's interest is determined through its intent in enacting the legislation at issue." *In re H.N.R.*, 145 Ohio St.3d, 2015-Ohio-5476, at ¶ 27, citing *State ex rel. Evans v. Moore*, 69 Ohio St.2d 88, 91 (1982); *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 258-259, 262, 107 S.Ct. 1740 (1987); *Lehr v. Robertson*, 463 U.S. 248, 263-265, fn. 20, 103 S.Ct. 2985 (1983); *Hamdi v. Rumsfeld*, 542 U.S. 507, 517, 531, 124 S.Ct. 2633 (2004). "'[T]he goal of adoption statutes is to protect the best interests of children.'" *In re Adoption*

*of A.N.*, 3d Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 26, quoting *In re Adoption of Zschach*, 75 Ohio St.3d 648, 651 (1996). "'In cases where adoption is necessary, this is best accomplished by providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner.'" *Id.*, quoting *Zschach* at 651.

{¶22} With respect to R.C. 3107.07(B), which operates similarly to R.C. 3107.07(K) and provides that a putative father's consent to an adoption is not required if he fails to comply with a number of statutory requirements, the Ohio Supreme Court has held that "while strict adherence to the procedural mandates * * * might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *Zschach* at 652. Moreover, "[i]t is not the role of this Court to second guess the legislature's policy decisions." *In re Adoption of A.N.*, 2013-Ohio-3871, at ¶ 42. "The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions." *Id.*

{¶23} Consequently, after weighing the applicable factors, we cannot find beyond a reasonable doubt that R.C. 3107.07(K) violates the Due Process Clause of the Fourteenth Amendment.

{¶24} Accordingly, we overrule Rhoades's first assignment of error.

{¶25} Having concluded that R.C. 3107.07(K) does not violate the Due Process Clause of the Fourteenth Amendment, we next turn to Rhoades's second assignment of error. In his second assignment of error, Rhoades argues that the hearing notice contained in R.C. 3107.11(B) violates his constitutional right to due process because it is confusing, misleading, and inaccurate. Specifically, Rhoades argues that the final sentence of the R.C. 3107.11(B) hearing notice is confusing because it leads the reader to believe that they can object to an adoption petition by either filing an objection or appearing at the hearing when they actually are required to do both. For the reasons that follow, we disagree.

{¶26} R.C. 3107.11(B) sets forth the language a court's notice must contain if the petition for adoption alleges that a parent failed without justifiable cause to provide for the maintenance and support of the minor or more than de minimis contact with the minor:

> (B)  Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:
>
> "A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND

-14-

RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. **IF YOU WISH TO CONTEST THE ADOPTION, YOU *MUST ALSO* APPEAR AT THE HEARING.** A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."

(Boldface and italicization added.) R.C. 3107.11(B).

**{¶27}** Here, the final sentence of the notice, which states that a final decree of adoption may be entered if one fails "to file an objection to the adoption petition

-15-

or appear at the hearing," could be ambiguous if read without reference to the rest of the notice. "However, we may not read individual words of a statute in isolation; rather, we are obligated 'to evaluate a statute "as a whole and giv[e] such interpretation as will give effect to every word and clause in it."'" *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, ¶ 39, quoting *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373 (1917). "A court that is reviewing a statute * * * for ambiguity should direct its 'attention * * * beyond single phrases, and  * * * should consider, in proper context, all words used by the [General Assembly] in drafting [the statute] with a view to its place in the overall [statutory] scheme.'" *Matter of Adoption of G.M.B.*, 4th Dist. Pickaway Nos. 19CA12 and 19CA13, 2019-Ohio-3884, ¶ 17, quoting *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, ¶ 19.

{¶28} The second sentence of the statutory notice states that an individual wanting to contest an adoption must file an objection within 14 days following proof of service of notice of the filing of the petition and of the time and place of hearing. R.C. 3107.11(B).  The third sentence then states, "If you wish to contest the adoption, you *must also* appear at the hearing." (Emphasis added.) *Id.* The phrase "must also" indicates that an individual wishing to contest an adoption has the

additional mandatory requirement of appearing at the hearing in addition to filing a timely objection. When reading the sentences together, it is clear that an individual wishing to contest an adoption has an obligation to both file a timely objection and appear at the hearing. Thus, although the final sentence of the statutory notice may be ambiguous if read in isolation from the rest of the notice, when the statutory notice is read as a whole, the reader can come to but one conclusion, and that is that to contest an adoption, one must both file a timely objection to the adoption petition and appear at the hearing.

{¶29} Furthermore, in *In re T.L.S.*, the Twelfth District determined that the notice served on the biological father, which specifically contained language identical to that found in the second and third sentences of the statutory notice contained in R.C. 3107.11(B), "clearly informed" the father that he was required to file an objection within 14 days of receiving the adoption notice. *In re T.L.S.*, 2012-Ohio-3129, at ¶ 11. Moreover, this court has previously found that the notice is sufficient to satisfy a putative father's due process rights as it informed the putative father that he needed to file an objection within 14 days and appear at the hearing if he objects to the adoption. *In re A.N.*, 2013-Ohio-3871, at ¶ 33.

{¶30} Thus, for the aforementioned reasons, we conclude that the statutory notice contained in R.C. 3107.11(B) is not ambiguous and does not violate Rhoades's due process rights.

**{¶31}** Accordingly, Rhoades's second assignment of error is overruled.

**{¶32}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

***Judgments Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**