[Cite as *In re Adoption of G.A.J.*, 2024-Ohio-1335.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

IN RE:
THE ADOPTION OF:

    G.A.J.

[JACOB J. - APPELLANT]

CASE NO. 4-23-15

**O P I N I O N**

Appeal from Defiance County Common Pleas Court
Probate Division
Trial Court No. 2063

**Judgment Affirmed**

**Date of Decision:  April 9, 2024**

**APPEARANCES:**

    *W. Alex Smith* **for Appellant**

    *Danny A. Hill, II* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Respondent-appellant, Jacob J. ("Jacob"), appeals the decision of the Defiance County Court of Common Pleas, Probate Division, ("Defiance County Probate Court") concluding that his consent to Petitioner-appellee, Derek F.'s ("Derek") petition to adopt G.A.J. was not necessary. For the reasons that follow, we affirm.

{¶2} G.A.J. was born in March 2014 to Rebecca J. ("Rebecca") and Jacob. Rebecca and Jacob were formerly married to each other, and Jacob is listed as G.A.J.'s father on the birth certificate.

{¶3} On May 5, 2023, Derek filed a petition for adoption of G.A.J. in the Defiance County Probate Court together with Rebecca's consent to the adoption. In his petition, Derek asserts that Jacob's consent to the adoption is not necessary because "[Jacob] failed without justifiable cause to provide for the maintenance and support of [G.A.J.] as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition []." (Doc. No. 4). The one-year "look back" period as to Jacob's support of G.A.J. in this adoption is May 5, 2022 to May 6, 2023.

{¶4} The Defiance County Probate Court scheduled the matter for a "consent not required" hearing on June 10, 2023, which was later continued until August 2, 2023.

-2-

{¶5} On July 21, 2023, Derek filed a motion for summary judgment arguing that the adoption petition had been served on Jacob on June 14, 2023, and that Jacob had not filed his objection within the 14-day period for objections pursuant to R.C. 3107.07(K).

{¶6} Thereafter, the trial court appointed an attorney to represent Jacob who promptly filed an objection to the petition for adoption on August 10, 2023. In his objection, Jacob argued that he had not unjustifiably failed to provide maintenance and support for G.A.J. He further objected to the lack of the required language contained in the notice under R.C. 3107.11.[1]

{¶7} On August 15, 2023, Derek filed an amended petition for adoption of G.A.J. (Doc. No. 29). In his amended petition, Derek asserted two additional grounds as to why Jacob's consent was not required in addition to Jacob's failure to provide maintenance and support for G.A.J. Specifically, Derek averred that Jacob failed to "timely register[] pursuant to R.C. 3107.062 as a putative father of [G.A.J.]" and that he "failed to timely file an objection to the adoption petition pursuant to R.C. 3107.07(K) []." (Doc. No. 29).

{¶8} On August 16, 2023, the Clerk of Court filed a second "Notice of Hearing on Petition for Adoption" (Form 18.2), which contained a certification by

---

[1] The Defiance County Probate Court utilized a form with language from a prior version of R.C. 3107.11 effective from April 7, 2009 to September 29, 2021, and thus, said form was missing the following statutory language set forth in current version R.C. 3107.11, effective September 30, 2021, "**WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE**".

the deputy clerk that the notice was sent by certified mail to Jacob at the same Napoleon address as the prior notice. This notice contained the current statutory language in R.C. 3107.11, effective September 30, 2021.

{¶9} Jacob's attorney filed an objection to the amended petition for adoption. In his objection, Jacob argued that he does provide maintenance and support for G.A.J. including health insurance; that his failure to file within the 14-day period is excusable since he argues that the notice was insufficient (on its face) because it lacked the statutory language required under R.C. 3107.11; and that he was not required to register with the Putative Father Registry since he was married to Rebecca at the time G.A.J. was born.

{¶10} On September 7, 2023, the trial court issued its judgment entry determining that Jacob failed to object to the adoption petition within the 14-day period for objections required by R.C. 3107.07(K). Then, the "consent not required" hearing was vacated, and the matter was scheduled for a "best interests" hearing on the petition for adoption. Thereafter, the trial court vacated the "best interest" hearing pending the outcome of this appeal.

{¶11} Jacob filed a timely notice of appeal raising one assignment of error for our review.

### Assignment of Error

**The trial court erred by granting adoption applicant's summary judgment motion.**

**{¶12}** In his assignment of error, Jacob argues that the trial court erred by granting Derek's motion for summary judgment. In particular, he challenges the trial court's determination that his consent to Derek's petition for adoption is not required because the notice he received from the trial court was defective on its face.

*Standard of Review*

**{¶13}** We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25. Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994). Material facts are those facts "'that might affect the outcome of the suit under the governing law.'" *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Whether a genuine issue exists is answered by the following inquiry: [d]oes the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, quoting *Anderson* at 251-252, 106 S.Ct. 2505.

**{¶14}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The non-moving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

**{¶15}** Material facts are those facts "that might affect the outcome of the suit under the governing law." *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Whether a genuine issue exists is answered by the following inquiry: Does the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, citing *Anderson* at 251-252.

*Consent to Adoption*

**{¶16}** Certain persons and entities must consent to an adoption, including the father of the minor child. *In re Adoption of N.F.*, 3d Dist. Logan Nos. 8-19-39 and 8-19-40, 2019-Ohio-5380, ¶ 8, citing *In re T.L.S.*, 12th Dist. Fayette No. CA2012-

02-004, 2012-Ohio-3129, ¶ 8, citing R.C. 3107.06. Nevertheless, there are statutory

exceptions to the consent requirement. *Id.* Those exceptions are set forth in R.C.

3107.07. *Id.* citing R.C. 3107.07. Relevant to this appeal, one such exception

applies if a person whose consent to the adoption is required fails to file an objection

to the petition for adoption within the 14-day period after that person receives the

R.C. 3107.11 notice of the adoption petition and of the hearing on the petition. *Id.*

> R.C. 3107.07 provides in its pertinent parts:
>
> Consent to adoption is not required of any of the following:
>
> * * *
>
> (K) Except as provided in divisions (G) and (H) of this section, a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given;
>
> * * *

*See In re Adoption of N.F.* at ¶ 8, citing *In re T.L.S.* at ¶ 10. R.C. 3107.11(B) sets

for the notice required at the time that Jacob was served with notice of Derek's

petition for adoption of G.A.J.

> **"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE**

**MINOR'S FORMER RELATIVES FOR ALL PURPOSES,** *WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE.* **IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING.**"

(Emphasis bold and capitalization sic.) (Emphasis italics added.) R.C. 3107.11(B) (Sept. 30, 2021).

*Analysis*

**{¶17}** As a preliminary matter, Jacob's only assignment of error relates to summary judgment. This court is required to determine the appeal based upon the assignments of error set forth in the brief under App.R. 16. *See In re Co.J.*, 3d Dist. Hancock Nos. 5-19-15, 5-19-16, 5-19-17, and 5-19-18, 2020-Ohio-538, ¶ 2, fn. 1. Importantly, App.R. 12(A)(1)(b) provides that we must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs" under App.R. 16. Consequently, App.R. 16(A)(7) obligates the appellant to include within his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Further, App.R. 12(A)(2) provides that we "may disregard

an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Thus, since Jacob sets forth no argument regarding summary judgment in his assignment of error, we need not address whether the trial court erred by allegedly granting summary judgment.

{¶18} Notwithstanding, we acknowledge that the trial court's original notice did *not* include the current version of the language set forth in R.C. 3107.11(B). However, the trial court's second notice (issued following Derek's filing of an amended petition for adoption), contained the proper statutory language. Regardless, the omitted statutory language had no application to the facts of Jacob's case. Moreover, Jacob has not demonstrated (on appeal) how this omission affected his substantial rights. Accordingly, we conclude this language omission to be harmless error. *See* Civ.R. 61.

{¶19} Finally, it is undisputed that Jacob *was* served with notice of the adoption petition and the hearing on June 14, 2023. Importantly, such notice informed Jacob he *was required to file* an objection to the petition within 14 days, and it is uncontested that Jacob did not file his objection until August 10, 2023.

{¶20} Based upon these facts, we agree with the trial court that Jacob's consent to adoption was not required. Under R.C. 3107.07(K), the 14-day objection period begins when proof of service of notice is filed with the trial court. Here, that

date was June 14, 2023. However, Jacob's objection was not filed until August 10, 2023, more than a month after expiration of the objection deadline.

**{¶21}** Ultimately, we conclude that the trial court did not err in determining that Jacob's consent to Derek's adoption of G.A.J. was not required under R.C. 3107.07(K).

**{¶22}** Accordingly, Jacob's sole assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Defiance County Court of Common Pleas, Probate Division.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**