[Cite as *Ladd v. Strong*, 2025-Ohio-2020.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TROY DEVON LADD JR., | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| JACOB CORBIN STRONG, | : | Case No. 24-CA-00011 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Perry County Court
of Common Pleas, Probate Division,
Case No. 20235016

JUDGMENT:                                                 Affirmed

DATE OF JUDGMENT:                               June 5, 2025

APPEARANCES:

For Plaintiff-Appellant                               For Defendant-Appellee

TROY LADD JR., Pro Se                           LANE A. DAILEY
#A815379.00                                            Gottlieb, Johnston, Beam
P.C.I                                                         & Dal Pone, PLL
P.O. Box 209                                           320 Main Street
Orient, Ohio 43146                                  Zanesville, Ohio 43701

*Baldwin, P.J.*

{¶1}　The appellant, Troy Devon Ladd Jr., appeals the trial court's June 17, 2024, Judgment Entry denying his "Petition Seeking an Official Hearing for Good Cause Shown Out-Side the Petitioner's Control to Re-Open Case" involving the step-parent adoption of minor child D.L.S. by the appellee, Jacob Strong. For the reasons set forth below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}　D.L.S. was born to the appellant and A.S., the child's biological mother, on February 1, 2019. A.S. filed a petition for dissolution on June 5, 2019, which was converted to a divorce on July 31, 2019. The matter was scheduled for an uncontested divorce hearing on February 7, 2020, of which the appellant was served with notice but at which he failed to appear. A Judgment Entry and Decree of Divorce was issued on March 18, 2020, terminating the marriage.

{¶3}　A.S. met the appellee, and she and D.L.S. moved in with the appellee in May of 2019. A.S. and the appellee were married on May 7, 2020.

{¶4}　On October 10, 2023, the appellee filed a Petition for Adoption of Minor in which he sought to adopt his step-son, D.L.S. The Petition listed the appellant as D.L.S.'s father, and averred that his consent to the adoption was not required because he had failed without justifiable cause to provide for the maintenance and support of D.L.S. as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶5} The matter was scheduled for hearing on December 4, 2023. On October 24, 2023, a Notice of Hearing on Petition for Adoption was issued to the appellant at the Pickaway County Institution, 11787 State Route 7672, Orient, Ohio 43146, Inmate No. A815379, by certified mail, advising the appellant of the appellee's Petition and the December 4, 2023, hearing. The Notice of Hearing contained the following language:

**"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."**

(Emphasis bold and capitalization original.) The record contains a certified mail receipt dated October 27, 2023, and states that the certified mail item was delivered to the Pickaway County Institution on October 30, 2023.

{¶6} The hearing proceeded on December 4, 2023. No transcript of the December 4, 2023, hearing has been provided to this Court. A Judgment Entry Finding Consent Not Required was filed on December 4, 2023, in which the trial court held that the appellant was a parent who had failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner. The record also contains documentation marked as "Exhibit A", filed on December 4, 2023, which establishes that the appellant provided only $100.14 in support of the minor child for the entire preceding year. The Final Decree of Adoption was approved and filed on December 4, 2023, and held that: notice had been given to all parties; all consents were either filed or found not required; the allegations in the petition were true; D.L.S. had been lawfully placed in the appellee's home; D.L.S. had lived in the appellee's home for six months as required by law; a report of the assessor had been filed and was approved; the adoption was in the best interest of D.L.S.; all required accountings had been filed and approved; and, D.L.S. was an adopted person.

{¶7} On May 20, 2024, the appellant filed a "Petition Seeking an Official Hearing for Good Cause Shown Out-Side the Petitioner's Control to Re-Open Case" in which he argued that the trial court should re-open the adoption matter because, while the prison mail system received the certified mail notice of the December 4, 2023, hearing on

October 30, 2023, the appellant did not personally receive the notice until December 4, 2023. The appellant argued that he had filed a grievance within the prison system on December 8, 2023, which proceeded through the prison grievance process. The appellant submits further that a letter was sent to the trial court on or about December 8, 2023; however, the only copy of said letter contained in the record is the copy attached to the appellant's May 20, 2024, Petition. The appellant's Petition did not address his failure to provide de minimis support for D.L.S., nor did he address whether the adoption was in D.L.S.'s best interest.

{¶8} On June 17, 2024, the trial court issued Judgment Entry – Order in which it stated:

> The court has reviewed the Petition of [the appellant] and all of the original filings in this case, along with all the service of notice documents in reference to this case. The court understand [sic] the grievance [the appellant] has with P.C.I.'s mailroom. The notice by certified mail was signed for on October 30, 2023 for a hearing to be held on December 4, 2023. [Appellant] claims he didn't receive the notice until December 4, 2023. Although [the appellant] filed a grievance on December 8, 2023, with P.C.I. in reference to not timely receiving the mail, he filed nothing with this court in objection to the Petition for Adoption. The court has only received this Petition from [the appellant] that we received on May 20, 2024, more than five months from the original hearing date and the date he received the notice from the court, which he has established as being December 4, 2023. The court must also note that in his Petition before the court, [the appellant]

offers no defense as to the grounds for the adoption, which states that he has failed without justifiable cause to support the child for a year prior to the date of filing, which would be October 10, 2022 to October 10, 2023.

The trial court found that the appellant's Petition was untimely, noting that he filed his grievance with P.C.I. just four days after receiving the Notice of Hearing on Petition for Adoption of D.L.S. but waited five months to communicate with the trial court. Furthermore, the court noted that the appellant offered no defense in his Petition for his failure to provide de minimis maintenance and support. The court therefore denied the appellant's Petition.

{¶9} The appellant filed a timely appeal, and sets forth the following sole assignment of error:

{¶10} "I. THE APPELLANT WAS NOT GIVEN HIS LEGAL MAIL BY THE PCI MAIL ROOM FOR SIX WEEKS IN, [SIC] TIME TO FILE A RESPONSE TO THE PROBATE COURT NOTICE OF THE OCTOBER 24, 2023 ADOPTION HEARING ORDERED BY THE COURT. THE PCI MAIL ROOM STAFF AND INSPECTOR ADMITTED THEY FAILED TO PROVIDE THE NOTICE FROM THE COURT TO THE APPELLANT UNTIL DECEMBER 4, 2023, THE DAY OF THE ACTUAL HEARING VIOLATING THE OHIO ADMINISTRATIVE CODE § 5120-9-17(B)(2), WITH THE 1ST 14TH AMENDMENT CONSTITUTIONAL RIGHTS TO ACCESS TO THE COURTS, TO HAVE HIS LEGAL MAIL OPENED IN HIS PRESENCE, AND DUE PROCESS OF THE LAW TO HAVE RESPONDED TO THE NOTICE WITHIN THE 14-DAY DEADLINE."

**STANDARD OF REVIEW**

**{¶11}** The appellant sought in his May 20, 2024, Petition to Reopen an order from the trial court re-opening the adoption matter, an argument that is essentially a motion to vacate. Our standard of review of a trial court's decision on a motion to vacate is abuse of discretion. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 148 (1976). We therefore apply an abuse of discretion standard of review to the trial court's June 17, 2024, Judgment Entry – Order. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶12}** The appellant argues that because the prison mail room did not provide him with a copy of the Notice of Hearing on Petition for Adoption until December 4, 2023, his access to the court system was denied and the trial court's decision violates his First and Fourteenth Amendment rights. We disagree.

**{¶13}** Initially, we note that service of the Notice was served upon the appellant by certified mail at the prison, and was signed for by prison officials in compliance with Ohio law. As set forth by the court in *In re D.C.,* 2007-Ohio-2344 (9th Dist.),

> . . . Rule 4.2(D) of the Ohio Rules of Civil Procedure provides that service of process upon an individual confined to a penal institution shall be made "by serving the individual...." In general, certified mail no longer requires actual service upon the party receiving the notice or that only the addressee may sign for it, but is effective upon certified delivery. *Castellano v. Kosydar,* 42 Ohio St.2d 107, 110 (1975). Ohio courts considering this rule

have specifically concluded that prison officials may sign in receipt of the mailing and deliver or permit delivery of service of process to prisoners. See *Security Natl. Bank and Trust Co. v. Jones,* 2nd Dist. No. C.A.2000-CA-59, 2001-Ohio-1534; *State v. Jones,* 12th Dist. No. CA2000-02-015, 2000 WL 1534701 (Oct. 16, 2000). Rule 4.1(A), cited by the father, provides that service of process by certified mail may be "[e]videnced by return receipt signed by any person" and that such return receipt shall be filed in the records of the action.

*Id.* at ¶8. Thus, at the time of the December 4, 2023, hearing, the trial court's review of the record indicated that service of the Notice upon the appellant was proper.

**{¶14}** The issue then becomes whether the appellant rebutted the presumption of valid service. The appellant argues that he is entitled to have the adoption matter re-opened because the prison mail room failed to open his mail in his presence and failed to provide him with the Notice with sufficient time for him to object. He cites to Ohio Administrative Regulations regarding inmate control and discipline generally, and incoming mail. However, Ohio Administrative Regulations regarding the prison system, and the prison mail system in particular, are not dispositive of this issue. As set forth by the court in *Moore v. Ohio Dep't of Rehab. & Correction*, 2019-Ohio-767 (10th Dist.):

. . . prison regulations, including those contained in the Ohio Administrative Code, "are primarily designed to guide correction officials in prison administration rather than confer rights on inmates." *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997), citing *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).

*Id.* at ¶ 8. Furthermore, the fact that the appellant did not receive the Notice until December 4, 2023, by his own admission, does not translate into denial of access to the court system. The appellant had every opportunity to file an objection or other legal document with the trial court within fourteen days from the date he received the Notice. He failed to file anything with the trial court for over five months from his December 4, 2023, receipt of the Notice. Thus, while the appellant may arguably have rebutted the presumption regarding Notice, he nevertheless had an opportunity to file an objection or other documentation with the trial court within 14 days from the date of his December 4, 2023, receipt of the Notice, but failed to take any action with the trial court for five months.

{¶15} The issue of a biological parent's right to withhold consent to adoption, and notice, was addressed by this Court in the *Matter of Adoption of K.W.*, 2024-Ohio-1818 (5th Dist.). In *K.W.*, the appellant was served with Notice of Hearing on Petition for Adoption of the minor child by the child's step-parent in compliance with R.C.3107.11(B) on November 6, 2023. The Notice of Hearing contained the warning that if the appellant wished to contest the adoption she must file an objection to the petition within fourteen days from the date on which she received the Notice. She failed to do so. *Id.* at ¶ 20. The Court held that because the appellant failed to file an objection within the fourteen-day time period following her receipt of personal service of the Notice and Petition, R.C. 3107.07(K) provided that her consent to the step-parent's adoption of the minor child was not required. *Id.* at ¶ 21. Even if the appellant did not receive the Notice herein prior to the hearing, he received it on the day of the hearing. He could have made an effort to contact the court directly, and could have filed an objection or other documentation together with evidence regarding the delay between the prison official's receipt of the

Notice and his receipt of the Notice. However, he failed to do so. Indeed, he failed to file an objection or other documentation with the trial court for five months.

**{¶16}** The case of *In re: Adoption of E.H.D.,* 2020-Ohio-5014 (5th Dist.) is also instructive. In *E.H.D.,* the biological mother had been served with the step-parent's notice of petition to adopt minor child, but failed to file an objection for over sixty days. On appeal she argued that the 14-day timeframe within which she could have objected to the petition violated her due process rights and the protection of the parent-child relationship it affords. *Id.* at ¶12. The *E.H.D.* Court upheld the trial court's decision to grant the petition and approve the step-parent adoption, stating:

" 'Due process demands that the state provide meaningful standards in its laws.' " *In re Adoption of H.N.R.*, 145 Ohio St.3d 144, 2015-Ohio-5476, 47 N.E.3d 803, ¶ 25, *quoting Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 81. "At its most basic level, due process requires protection against arbitrary laws." *Id.*, *citing Sacramento Cty. v. Lewis*, 523 U.S. 833, 845-846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). "To satisfy the requirements of procedural due process, the means employed by a statute must have a real and substantial relation to the object to be obtained, and its methods must not be unreasonable, arbitrary, or capricious." *Id.*, *citing Nebbia v. New York*, 291 U.S. 502, 505, 54 S.Ct. 505, 78 L.Ed. 940 (1934) and *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 274, 503 N.E.2d 717 (1986). To determine whether a particular procedure is constitutionally adequate, courts are generally required to analyze and balance three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id., quoting Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The Court of Appeals for the Third District analyzed R.C. 3701.11(K) under the test set forth in *Matthews*, holding as follows:

> Accordingly, first we must frame the private interest involved. Although Rhoades argues that the private interest at issue is the fundamental liberty interest of a parent in raising his or her natural child, the private interest affected by R.C. 3107.07(K) is much more limited. Here, the private interest involved is the right to withhold consent to the adoption of the child.***

> With respect to the second factor, there is some risk that the 14-day deadline may deprive a parent of the right to contest an adoption if they intend to contest an adoption but fail to file a timely objection. However, this risk is reduced by R.C. 3107.11, which requires that parents who have not filed a consent with the court must be given notice of the hearing on the petition for adoption as well as notice that they must file

objections within 14 days if they wish to contest the adoption. See R.C. 3107.11.

Concerning the third factor, "[t]he state's interest is determined through its intent in enacting the legislation at issue." *In re H.N.R.*, 145 Ohio St.3d, 2015-Ohio-5476, 47 N.E.3d 803, at ¶ 27, *citing State ex rel. Evans v. Moore*, 69 Ohio St.2d 88, 91, 431 N.E.2d 311 (1982); *Brock v. Roadway Express, Inc.,* 481 U.S. 252, 258-259, 262, 107 S.Ct. 1740, 95 L.Ed.2d 239 (1987); *Lehr v. Robertson*, 463 U.S. 248, 263-265, fn. 20, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); *Hamdi v. Rumsfeld*, 542 U.S. 507, 517, 531, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004). " '[T]he goal of adoption statutes is to protect the best interests of children.' " *In re Adoption of A.N.*, 3d Dist. Union, 2013-Ohio-3871, 997 N.E.2d 1244, ¶ 26, *quoting In re Adoption of Zschach*, 75 Ohio St.3d 648, 651, 665 N.E.2d 1070 (1996). " 'In cases where adoption is necessary, this is best accomplished by providing the child with a permanent and stable home * * * and ensuring that the adoption process is completed in an expeditious manner.' " *Id.*, quoting *Zschach* at 651, 665 N.E.2d 1070.

With respect to R.C. 3107.07(B), which operates similarly to R.C. 3107.07(K) and provides that a putative father's consent to an adoption is not required if he fails to comply with a number of statutory requirements, the Ohio Supreme Court has held that "while strict adherence to the procedural mandates * * * might appear unfair in a given case, the state's interest in facilitating the adoption of children and

having the adoption proceeding completed expeditiously justifies such a rigid application." *Zschach* at 652, 665 N.E.2d 1070. Moreover, "[i]t is not the role of this Court to second guess the legislature's policy decisions." *In re Adoption of A.N.,* 2013-Ohio-3871, 997 N.E.2d 1244, at ¶ 42. "The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions." *Id.*

Consequently, after weighing the applicable factors, we cannot find beyond a reasonable doubt that R.C. 3107.07(K) violates the Due Process Clause of the Fourteenth Amendment.

*In re Adoption of N.F.*, 3rd Dist. No. 8-19-39, 2019-Ohio-5380, 151 N.E.3d 119, ¶¶ 19-23.

We concur with the reasoning of the Third District R.C. 3107.07(K) does not violate the Due Process Clause of the Fourteenth Amendment.

The second assignment of error is overruled.

*E.H.D.* at ¶¶14-19.

{¶17} The reasoning this Court applied in *E.H.D.* is equally applicable in this case to determine whether the notice procedure as applied herein was constitutionally adequate. As to the appellant's private interest, the appellant does have a right to withhold consent to the adoption of the child if done so within statutory parameters. Those parameters include the filing an objection within 14-days from his receipt of the Notice. While the appellant did not receive the notice until December 4, 2023, he nevertheless failed to file an objection or other document with the trial court within 14-days from said

receipt for over five months, despite the fact that nothing prevented him from doing so. The administrative grievance the appellant filed regarding the prison mail system, and the prison's alleged violation(s) of the Ohio Administrative Code, was not a condition precedent to his ability to file an objection with the trial court, and did not prevent him from filing an objection. Finally, as set forth above, the goal of adoption statutes is to protect the best interests of children. As set forth by the Ohio Supreme Court in the seminal case of *In re Adoption of Zschach*, 75 Ohio St.3d 648 (1996), this is best accomplished by providing the child with a permanent an stable home. Moreover, "while strict adherence to the procedural mandates * * * might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *Zschach* at 652.

**{¶18}** The trial court reviewed the appellant's Petition, as well as all the original filings in the case. The court acknowledged the failure of the prison mail system to get the Notice to the appellant before the December 4, 2023, hearing. However, it also noted that while the appellant filed a grievance with the PCI regarding the mail incident on December 8, 2023, he did not file his Petition or otherwise contact the court regarding the adoption proceedings for over five months - despite the fact that by his own admission he received the notice on December 4, 2023. Furthermore, the trial court noted that the appellant failed to address the consent issue in his Petition.

**{¶19}** Moreover, while the appellant seeks a reversal of the trial court's decision, he specifically states that he does not seek a review of the issues regarding whether the trial court's decision granting the Final Decree of Adoption was correct, stating "[t]he right

to be a father is an entirely different issue that is not the reason for this appeal and should not weigh in at this time."

{¶20} Based upon the above factors, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably when it denied the appellant's Petition, and therefore find that the trial court did not abuse its discretion in its June 17, 2024, denial of the appellant's Petition. Accordingly, we find the appellant's sole assignment of error to be without merit.

## CONCLUSION

{¶21} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Perry County Court of Common Pleas, Probate Division, is hereby affirmed.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.